IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-606-R |
| ) | |
| JOHN CURRID, et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that Plaintiff's claims against Defendants Officer John Currid, David Medrano and the Greer County Jail be summarily **DISMISSED**.

### I. BACKGROUND

Plaintiff purportedly brings this action against John Currid, City of Mangum police officer; Chris Hopingardner, City of Mangum police officer; David Medrano, an emergency medical technician and/or a jailer; and the Greer County Jail. (ECF No. 1:1, 3-4). Construing Plaintiff's Complaint (ECF No. 1) liberally, Plaintiff alleges that on

October 23, 2013, he exited a gas station in Mangum, Oklahoma and saw Officer Currid arrive at the gas station in a City of Mangum police truck. (ECF No. 1:3). Plaintiff noticed a child with Officer Currid who was approximately two to three years of age. (ECF No. 1:3). Plaintiff left the gas station and looked back to see Officer Currid place the child back into the police truck, turn on the police lights and begin to follow Plaintiff. (ECF No. 1:3). Plaintiff then alleges that at some point Office Hopingardner intentionally pulled his personal vehicle out in front of Plaintiff, causing an accident. (ECF No. 1:5). Finally, Plaintiff states that Defendant Medrano, who was allegedly a passenger in Officer Currid's vehicle, along with Officer Hopingardner and Officer Currid caused injuries to Plaintiff's neck, back and lower extremities through the use of "unprofessional police tactics." (ECF No. 1:5, 7). Based on these events, Plaintiff is purportedly asserting Fourteenth Amendment claims against each Defendant, as well as a state law claim against Officer Currid based on child endangerment.

Plaintiff also asserts claims based on the conditions of confinement at the Greer County Jail, where he indicates he was held from October 2013 until December 2014. (ECF No. 1:4). Specifically, Plaintiff alleges that the jail failed to provide medical treatment, his cell contained sewer water, his mattress was in sewer water and the jail did not have a registered nurse ("RN") or a licensed practical nurse ("LPN") on duty passing out medication. (ECF No. 1:4).

The publicly available docket sheet for the criminal case shows that Plaintiff was charged on October 31, 2013 with four misdemeanors, DUI, DUS, transporting an open

container of beer, and resisting an officer; and two felonies, attempting to elude a police officer, and assault and battery upon an emergency medical technician. ODCR, Case No. CF-13-081, District Court of Greer County. On January 13, 2014, Plaintiff entered a plea of no contest. *Id.* On September 11, 2014, Plaintiff was sentenced to a total of 12–27 years to run concurrently with each other and with sentences from other criminal convictions. *Id.* Plaintiff filed a motion to withdraw his no contest plea but that motion was denied by the trial court. *Id.* Plaintiff filed an appeal of the same with the Oklahoma Court of Criminal Appeals but the trial court's decision was affirmed on May 13, 2015. ODCR, Case No. C-2014-855, Oklahoma Court of Criminal Appeals.

## II. SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Although the Court construes a *pro se* litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint

must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (internal citations and quotations omitted).

"[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court's analysis for failure to state a claim on which relief may be granted is the same

4

regardless of whether it is performed pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or *sua sponte* pursuant to the Court's screening obligations detailed above. *See Kay*, 500 F.3d at 1218 (applying Rule 12(b)(6) standard for purpose of § 1915(e)(2)(B)(ii) determination).

### III. DISCUSSION

#### A. Claims against Greer County Jail

It is recommended that any claims against the Greer County Jail be dismissed. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Thus, the Greer County Jail cannot be sued in this Court and any claims against it should be dismissed with prejudice. *Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department because they are entities with no apparent legal existence); *see e.g. White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (affirming dismissal of county jail because no state law supported directing a cause of action directly against a county's subdivisions, including its jails).

#### B. Claims Based on Conditions of Confinement/Medical Care

The standard governing Plaintiff's claims regarding his conditions of confinement and denial of medical care is that of deliberate indifference. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment

standard provides the benchmark for such claims.") (citation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983."). To establish deliberate indifference based on either inhumane conditions of confinement or failure to attend to medical needs, a section 1983 plaintiff must satisfy both an objective component and a subjective component. Under the objective component, the deprivation alleged must be sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the official must have acted with a sufficiently culpable state of mind, namely "deliberate indifference to inmate health or safety." *Id.* With regard to this second requirement, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

First, with regard to Plaintiff's claim that medication is dispensed by individuals who are not RNs or LPNs, it is not clear from Plaintiff's Complaint that he even received medication while he was confined in the Greer County Jail. An action brought under Section 1983 must be based on a violation of Plaintiff's personal rights and not on the rights of someone else. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993) (holding that Section 1983 plaintiff lacks standing to bring claims on behalf of others)

(citing *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990)). Thus, to the extent this claim is based upon medication provided to other inmates, the undersigned finds that this claim should be dismissed with prejudice.

Second, even if Plaintiff did receive medication while confined at Greer County Jail, his assertion that it was dispensed by individuals who were not RNs or LPNs is insufficient to establish deliberate indifference as he has not alleged that he suffered any physical injury as a result. *See Williamson v. Miller*, No. CIV 07-167-RAW-SPS, 2009 WL 691899, at *4 (N.D. Okla. March 16, 2009) (citing *Reyes v. Hale County Jail*, No. 03-CV-180-C, 2003 WL 22670929, at *3 (N.D. Tex. Sept. 16, 2003) (holding that the plaintiff's allegations that fellow inmate was allowed to pass out medications did not demonstrate deliberate indifference, and the plaintiff failed to make an adequate showing of physical injury); *Mounce v. Harris*, No. 04-CV-550-KKC, 2006 WL 133571, at *14 (E.D. Ky. Jan. 17, 2006) (finding that a plaintiff who alleged the defendants failed to ensure that qualified jail officials administered his medications must demonstrate an injury as a result of the alleged deprivation); *Croney v. Fletcher*, No. 07-CV-42-KKC, 2008 WL 45413, at *2 (E.D. Ky. Jan. 2, 2008) (holding that a plaintiff's allegations that medications were given to him by jail staff, rather than by trained medical professionals, did not state a claim under § 1983, absent any showing of physical injury)).

Plaintiff's complaint regarding the dispensing of medication appears to be merely his own objection to this procedure rather than a basis to find that Defendants have

7

exhibited deliberate indifference to his health or safety. Thus, this claim should be dismissed.

Finally, Plaintiff also asserts claims based on the alleged presence of sewer water in his cell and a general allegation that he was denied medical care. However, Plaintiff has failed to allege facts identifying any individual that personally participated in the alleged deprivation of his constitutional rights in this regard. *See, e.g., Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.") (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); *Coleman v. Turpen*, 697 F.2d 1341, 1346 n.7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)). The only Defendant even marginally connected to the Greer County Jail is Defendant Medrano who Plaintiff identifies as an EMT throughout his Complaint except for one reference on page four of the same in which he identifies him as "Greer County EMT/Jailer." (ECF No. 1:4, 5, 7). The Complaint is devoid of allegations demonstrating Defendant Medrano's personal participation in any alleged violation of Plaintiff's constitutional rights that occurred while Plaintiff was confined in Greer County Jail. Likewise, Plaintiff has not set forth any facts demonstrating Defendant Medrano was aware of and disregarded conditions that posed an excessive risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. Thus, these claims should be

dismissed without prejudice for failure to state a claim upon which relief can be granted.

### C. Child Endangerment

Plaintiff purports to assert a state law child endangerment claim against Officer Currid based upon the alleged presence of a child in Officer Currid's police truck. (ECF No. 1:3, 5). Plaintiff does not cite to any legal authority supporting the assertion of such a claim. While there are Oklahoma statutes providing for criminal charges based upon child abuse, neglect or endangerment, such as Okla. Stat. tit. 21, § 843.5, the undersigned is unaware of any Oklahoma state law allowing a civil claim against a third party based upon the endangerment of a child that is not the child of the plaintiff. Accordingly, this claim should be dismissed with prejudice based upon the failure to state a claim upon which relief can be granted.

### D. Excessive Force Claims

#### 1. Officer Currid and Defendant Medrano

To avoid dismissal for failing to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the facts alleged in a complaint must be sufficient to support each of the elements of such a claim. These elements include both (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations against Officer Currid consist primarily of Officer Currid following Plaintiff while using his police lights, presumably in an effort to

pull over Plaintiff. (ECF No. 1:3). Plaintiff's allegations implicating Defendant Medrano are that he was in the police truck with Officer Currid and that the "unprofessional police tactics" of all three Defendants resulted in injury to Plaintiff. (ECF No. 1:7).

Construing Plaintiff's Complaint liberally, as the court is required to do, it appears Plaintiff is attempting to assert a Fourth Amendment claim of excessive force against these Defendants. In order to establish a Fourth Amendment claim, Plaintiff must show that Defendants' actions were done to effect his seizure and that the actions were not "objectively reasonable" in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). However, the use of police lights does not qualify as a use of force and "unprofessional police tactics" is far too vague to establish a plausible entitlement to relief for a Fourth Amendment claim. *See Iqbal*, 555 U.S. at 678. Accordingly, lacking necessary factual support to establish a violation of a federal right, Plaintiff's claims against Defendant Medrano and Officer Currid pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim upon which relief can be granted. Because there is a possibility that Plaintiff may be able to cure the defect in these claims, it is recommended that the dismissal of the same be without prejudice and with leave to amend.

### 2. Officer Hopingardner

Plaintiff's remaining excessive force claim is against Officer Hopingardner. Although not perfectly clear from the Complaint, Plaintiff appears to allege that Officer Hopingardner intentionally caused a car accident between the two of them by pulling

his personal vehicle out in front of Plaintiff's vehicle. (ECF No. 1:5, 6). Depending on the precise circumstances, the use of a vehicle to effectuate the seizure of an individual can, though may not necessarily, constitute the use of excessive force.

In *Brower v. Cty. of Inyo*, 489 U.S. 593 (1989), the plaintiffs' decedent was killed when the car he was driving struck a police roadblock. The Court held that the use of a roadblock constituted a seizure within the meaning of the Fourth Amendment because "a roadblock is not just a significant show of authority to induce a voluntary stop, but is designed to produce a stop by physical impact if voluntary compliance does not occur." *Id.* at 598. However, the court specifically noted the fact that the roadblock caused Plaintiff's seizure was not the end of the Fourth Amendment analysis. *Id.* Plaintiffs would only be victorious on their claim if they could ultimately prove that the roadblock was unreasonable. *Id.* "If Bower had had the opportunity to stop voluntarily at the roadblock, but had negligently or intentionally driven into it, then, because of lack of proximate causality, respondents, though responsible for depriving him of his freedom of movement, would not be liable for his death." *Id.* at 599 (citing *Martinez v. California*, 444 U.S. 277, 285 (1980); *Cameron v. Pontiac*, 813 F.2d 782, 786 (6th Cir. 1987)). The court concluded that the circumstances of the roadblock would determine the outcome of the case. *Id.*

Though Plaintiff has not alleged that Officer Hopingardner set up a formal roadblock, the principles espoused in *Bower* are equally applicable to Plaintiff's claim. If, as Plaintiff has alleged, Officer Hopingardner indeed used his vehicle to intentionally

effect a seizure of Plaintiff, then the case will turn on the reasonableness of his actions in doing so, in light of the circumstances as a whole. *Id.* Plaintiff's allegations are sufficient, although barely so, to satisfy the requirement in Fed. R. Civ. P. 8, which requires only "a short and plain statement of the claim." Moreover, Rule 8(f) provides that "all pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). Therefore, although Plaintiff's claim may not ultimately prove to be viable, it survives the judicial screening mandated by 28 U.S.C. § 1915(e)(2) and § 1915A.

## IV. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that Plaintiff's claims against Greer County Jail and Plaintiff's state law claim against Officer Currid based upon child endangerment be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915. Plaintiff's claims asserted against Officer Currid and Defendant Medrano should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. With regard to these claims, the undersigned recommends that Plaintiff be granted leave to amend within twenty (20) days of any order adopting this Report and Recommendation. Additionally, it is recommended that Plaintiff's Motion to Obtain Records In Forma Pauperis and Appointment of Counsel **(ECF No. 10)** be **DENIED**.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 16, 2015.** Plaintiff is further advised

that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on September 29, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE