# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-606-R |
| | ) |
| JOHN CURRID, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. The Court referred to the matter to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 29, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that the Plaintiff's claims against Defendants Currid, Medrano and the Greer County Jail be dismissed upon filing pursuant to 28 U.S.C. §§ 1997e(c)(1) and 1915(e)(2)(B). He concluded that Plaintiff's allegations of excessive force against Defendant Hopingardmer survive *sua sponte* screening. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection.

Plaintiff filed suit against John Currid and Chris Hopingardmer, police officers for the City of Mangum, David Medrano, who he identifies as a Greer County EMT/Jailer, and the

"Mangum Greer County Jail." Complaint, p. 4.[1] Judge Erwin recommended dismissal of the Greer County Jail because it is not subject to suit. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed.R.Civ.P. 17(b). Pursuant to Oklahoma law, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. The authority of each Oklahoma county is exercised by its board of county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of that county. Okla. Stat. tit. 19, § 4. A county jail is a subdivision of the county in which it is located, it no separate legal identity under Oklahoma law, and therefore the Greer County Jail cannot be sued. *See Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (unpublished op.) (affirming dismissal of county jail; although applicable state law provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Reid v. Hamby,* No. 95–7142, 1997 WL 537909 at * 6 (10th Cir. Sept. 2, 1997)

---

[1] In addition it is unclear to the undersigned whether Plaintiff intended to name the City of Mangum or Defendant Hopingardmer's insurance company as defendants.

(unpublished op.) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit"). Because the Greer County Jail is not a proper party, the Report and Recommendation is adopted with regard to the recommendation to dismiss the jail.[2]

With regard to Plaintiff's deliberate indifference claim stemming from his confinement at the Greer County Jail, where he contends he was forced to sleep in a cell that contained raw sewage, Judge Erwin concluded Plaintiff had failed to identify any individual that personally participated in the alleged deprivation of his constitutional rights. Plaintiff's objection to this portion of the Report and Recommendation stems from a misapprehension thereof. Judge Erwin did not conclude that Plaintiff had not alleged sufficiently egregious conditions at the jail. Rather, he concluded at page 8 of the Report and Recommendation that "[t]he only Defendant even marginally connected to the Greer County Jail is Defendant Medrano who Plaintiff identifies as an EMT throughout his Complaint except for one reference on page four of the same in which he identifies him as 'Greer County EMT/Jailer.' The Complaint is devoid of allegations demonstrating Defendant Medrano's personal participation in any alleged violation of Plaintiff's constitutional rights while Plaintiff was confined in Greer County Jail." Doc. No. 11, p. 8. Because Plaintiff does not object to these particular findings, the Report and Recommendation is adopted with regard to Judge Erwin's recommendation that Plaintiff's condition of confinement claim regarding sewage in his cell

---

[2] In his objection Plaintiff argues that the Court should disregard the parties he actually named and construe his claims as being brought against proper parties. See Objection (Doc. No. 12, p. 2). The Court cannot recast Plaintiff's Complaint to name new parties, which would place the Court in the role of advocate for the Plaintiff. Plaintiff, however, is hereby granted leave to amend his complaint in an effort to name the proper parties and to remedy other deficiencies as set forth herein.

be dismissed.

The Report and Recommendation also recommends dismissal of Plaintiff's claim that the Greer County Jail lacked employees authorized to dispense prescription medications, because Judge Erwin interpreted the allegations as attempting to raise issues on behalf of other detainees rather than alleging violation of Plaintiff's constitutional rights. Plaintiff's objection simply states "[i]n addition, by allowing untrained personal (sic) to administer medications, the jail put all of the inmates['] lives in jeopardy." Objection, p. 3. Because Plaintiff essentially concedes he is not seeking to vindicate his own rights, the Court concurs with Judge Erwin and hereby dismisses Plaintiff's claim alleging constitutional violations as a result of the absence of trained personnel to administer medications.

Plaintiff also alleges a claim for child endangerment based on the alleged danger to an unidentified child that was riding with one of the police officers at the time Plaintiff was pursued by police and subsequently arrested. As concluded by the Report and Recommendation, Plaintiff fails to identify any legal basis by which he could hold any Defendant liable for allegedly endangering the unidentified child. The Report and Recommendation is therefore adopted with regard to Judge Erwin's recommendation at page 9.

With regard to Plaintiff's excessive force claims against Defendants Currid and Medrano, Judge Erwin recommended dismissal because Plaintiff failed to allege sufficient facts to support his claim of excessive force. In his objection Plaintiff states "[t]he actions of the police officer are clear that when he pulled his vehicle in front of the allegedly fleeing

4

suspect, he intended to stop the suspect by causing excessive harm and perhaps death." Objection, p. 3. The Court construes this argument as addressing Defendant Hopingardmer, identified in the Complaint as the officer who used his personal car to stop Plaintiff's vehicle.[3] Plaintiff does not make arguments directed to his excessive force claim against Defendants Currid and Medrano, and therefore, the Report and Recommendation is adopted with regard to the recommendation that those Defendants be dismissed.

Judge Erwin also recommended that Plaintiff be granted leave to amend in the event the Court adopts the Report and Recommendation. The Court concurs with this recommendation, and Plaintiff may file an amended complaint not later than November 18, 2015. Plaintiff's request for the Appointment of Counsel is, as recommended by Judge Erwin, denied.[4] The Court concurs with these recommendations as well. Although Plaintiff is not skilled in the law, the allegations he presents are not factually or legally complex. The Court anticipates it will not be difficult for Plaintiff to rectify the lack of clarity in his initial Complaint by following the guidance provided by this Order and the Report and Recommendation. Both should permit Plaintiff to tailor his pleadings to conform to the requirements for properly pleading a claim. Plaintiff should be also aware that when the form Civil Rights Complaint requests "Supporting Facts," that merely citing to evidence he believes will be available will not suffice. Rather, he should follow the instructions set forth

---

[3] Judge Erwin concluded Plaintiff's claim against Defendant Hopingardmer survived screening under 28 U.S.C. § 1915(e)(2) and § 1915A, and Plaintiff does not object to this recommendation, which is therefore adopted.

[4] The Court also denies Plaintiff's Motion to Obtain Records *in Forma Pauperis*.

5

on the form by including "[a]ll facts he considers important, including the names of persons involved, places and date. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." *See* Doc. 1, p. 5. The appointment of counsel is not warranted.

For the reasons set forth herein, the Report and Recommendation is hereby adopted in its entirety. This matter is hereby re-referred to Judge Erwin for additional proceedings. Plaintiff may file an amended complaint to address the deficiencies identified herein and in the Report and Recommendation, should he so desire, not later than November 18, 2015.

IT IS SO ORDERED this 28th day of October, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE