# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BRADFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-606-R |
| | ) |
| JOHN CURRID, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis,* brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff initially brought this action against John Currid, City of Mangum Police Officer; Chris Hopingardner, City of Mangum Police Officer; David Medrano, an Emergency Medical Technician and/or a Jailer, and the Greer County Jail. (ECF No. 1:1, 3-4). On September 29, 2015, after screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned issued a Report and Recommendation recommending the Court dismiss all claims against Greer County Jail and Plaintiff's state law claim against Defendant Currid. (ECF No. 11:5-9). The undersigned further recommended that Plaintiff's Fourth Amendment excessive force claims against

Defendants Currid and Medrano be dismissed without prejudice and with leave to amend. (ECF No. 11:9-10). Finally, the undersigned concluded that Plaintiff's excessive force claim against Defendant Hopingardner should survive judicial screening. (ECF No. 11:10-12). On October 28, 2015, District Court Judge Russell adopted the Report and Recommendation in its entirety and provided Plaintiff until November 18, 2015 to file an Amended Complaint pertaining to Plaintiff's excessive force claims against Defendants Currid and Morano. (ECF No. 13).

On November 12, 2015, Plaintiff filed an "Amended Supporting Facts to Complaint," in which he addressed only his excessive force claim against Defendant Hopingardner. (ECF No. 15). Thus, the only allegations Plaintiff has presented to the Court in support of his Fourth Amendment claims against Defendants Currid and Morano consist primarily of Officer Currid following Plaintiff while using his police lights, presumably in an effort to pull over Plaintiff, an implication that Defendant Medrano was in the police truck with Officer Currid and that the "unprofessional police tactics" of all three Defendants resulted in injury to Plaintiff. (ECF No. 1:3, 7).

As explained more fully in the initial Report and Recommendation, the use of police lights does not qualify as a use of force and "unprofessional police tactics" is far too vague to establish a plausible entitlement to relief for a Fourth Amendment claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, lacking necessary factual support to establish a violation of a federal right and his deadline to amend having expired, Plaintiff's Fourth Amendment claims against Defendants Medrano and Currid

pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that Plaintiff's Fourth Amendment claims against Defendants Currid and Medrano be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 11, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on November 24, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE