# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-606-R |
| | ) | |
| JOHN CURRID, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. Judge Erwin issued a Report and Recommendation recommending dismissal of most of Plaintiff's claims and that Plaintiff be granted leave to amend. The Court adopted the initial Report and Recommendation and granted Plaintiff leave to amend. On November 12, 2015, Plaintiff filed "Amended Supporting Facts to Complaint." On November 24, 2015 Judge Erwin addressed Plaintiff's amended allegations and noted that the factual allegations therein were levied against Defendant Hopingardner, who was the sole remaining Defendant after the prior Report and Recommendation and Order. The only facts directed toward Defendants Currid and Medrano were insufficient to state a claim, and therefore, Judge Erwin recommended dismissal thereof. Plaintiff thereafter, on December 9, 2015, filed two documents, an Objection to the Report and Recommendation (Doc. No. 17) and an Amended Civil Rights Complaint (Doc. No. 18). In the Objection Plaintiff contends that all three Defendants jointly contributed to

his injuries, that he should be appointed counsel to help him express his claims more clearly, and then he should be permitted to amend his allegations once more. No explanation is proffered for the Amended Complaint filed that same day. The objection gives rise to the Court's obligation to conduct a *de novo* review of the Report and Recommendation, and having done so, the Court finds as follows.

The Court first addresses what is apparently a proposed amended complaint, Document No. 18. This document includes three proposed new defendants and alleges the denial of medical care. Although Plaintiff's original complaint addressed the denial of medical care, those claims were directed to the Greer County Jail and were dismissed because the Jail could not be sued and because Plaintiff did not allege sufficient facts to support the conclusion that he was denied medical care. Plaintiff's filing of the most recent Amended Complaint, without leave and without reference to the claims he is attempting to levy against Defendants Currid, Medrano and Hopingardner or adoption by reference of his prior pleadings, places the Court in the position of either striking the amended complaint, permitting its filing and dismissing the Defendants Currid, Medrano and Hopingardner, as there are no allegations currently pending against them. The Court finds, at this juncture, that striking of the most recently filed amended complaint is appropriate, as is adoption of the Report and Recommendation for the reasons set forth below.

With regard to Plaintiff's objection to the Report and Recommendation, the undersigned concurs with Judge Erwin that Plaintiff failed in his attempt to amend his complaint with regard to Defendants Currid and Medrano. Although Plaintiff contends

2

counsel is necessary to assist in pleading his claims against these persons, Plaintiff made no attempt to comply with the original Report and Recommendation or the Court's October 28, 2015 Order. Rather, his Amended Supporting Facts address the extent of his injuries without any reference to Defendants Currid and Medrano. Plaintiff failed to take advantage of the opportunity given to him after Judge Erwin explained in the original Report and Recommendation that his claims were too vague. Although ordinarily the Court would deny Plaintiff an additional opportunity to amend his claims, the Court finds that in light of Plaintiff's *pro se* status and the potential for certain of his claims to be barred by the statute of limitations if he is forced to start anew, the Court will grant Plaintiff one additional attempt at amending.

This attempt, however, first necessitates the striking of the Amended Pro Se Prisoner Civil Rights Complaint (Doc. No. 18), filed on December 9, 2015, without leave of Court, adding new defendants and claims related to the denial of medical care. Plaintiff, likely inadvertently, omitted Defendants Hopingardner, Currid and Medrano from this pleading, and the Court will not piecemeal together the allegations from the Complaint, the Supplemental Facts and the Amended Complaint to discern whether Plaintiff can proceed with his claims. Rather, the Court will strike Document No. 18, which was improperly filed without leave, and grant Plaintiff until January 15, 2016, to file an amended complaint wherein he must set out clearly who he intends to sue and the facts supporting his claims against each of the intended defendants. Failure to do so may result in dismissal of his claims and no additional leave to amend. The Report and Recommendation is adopted and the

matter is referred to Judge Erwin for additional proceedings.

IT IS SO ORDERED this 15th day of December, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE