# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BERNARD BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-606-R |
| | ) |
| CHRISTOPHER HOPINGARDNER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this action alleging violation of his civil rights with regard to an arrest that involved both on-duty and off-duty officers. In his Amended Complaint filed on January 11, 2016, Plaintiff alleges that Defendant Christopher Hopingardner of the Mangum Police Department participated in a police pursuit of Plaintiff although Hopingardner was not on duty, and that during the pursuit Hopingarnder positioned his personal vehicle in such a manner that Bradford had no choice but to run his vehicle into Hopingardner's car, causing injury to Bradford. The matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On June 10, 2016 Judge Erwin issued a Report and Recommendation wherein he recommended that the Motion to Dismiss filed by Defendant Hopingardner be converted to a motion for summary judgment and be granted and that Plaintiff's request for leave to file an amended complaint be denied. Doc. No. 44. Judge Erwin further recommended that Plaintiff's Motion to Obtain Records in Forma Pauperis and Motion to Appoint Counsel be denied. *Id.* In response to the Report and Recommendation Plaintiff sought a two year extension of time in which to object, citing his current incarceration status and his inability to gather information or retain counsel during his incarceration. Doc. No. 454. The Court denied the motion, but granted an extension of the deadline for filing objections to the Report and Recommendation. On June 23, 2016, Plaintiff filed his Objection to the Report and

Recommendation, including therein a Rule 56(d) statement that he was unable to respond to the motion appropriately because he had been denied access to videos and records in the case. Doc. No. 47.[1] In response to the Plaintiff's objection and after review of the Plaintiff's Motion to Obtain Records in Forma Pauperis as well as the exhibits submitted in support of Defendant's Motion to Dismiss, the Court ordered Defendant to advise the Court and Plaintiff whether there were Oklahoma Highway Patrol reports regarding the incident at issue in this case and whether a dash-cam video existed. On August 8, 2016, Defendant responded, indicating that no dash-cam video exists but that a Oklahoma Highway Patrol report may exist regarding the accident. Doc. No. 49. Defendant submitted a copy of an OHP accident report on August 11, 2016, and the Court granted Plaintiff twenty-one days in which to file a supplemental objection to the Report and Recommendation based on the newly provided information. In response Plaintiff filed a Motion to Appoint Counsel (Doc. No. 54) and a supplemental response. In the document entitled Plaintiff's Reply to Defendant's Response to Court Order Plaintiff again seeks the video that Defendant has indicated does not exist and queries whether the Court should launch an official investigation into the evidence storage and maintenance practices of the Mangum Police Department. Doc. No. 55. He also responded to the OHP Report Defendant provided. Doc. No. 56. The Court considers these documents in tandem as Plaintiff's objection to the Report and Recommendation, and for the reasons set forth herein, having conducted a *de novo* review of the Report and Recommendation, hereby grants summary judgment to Defendant Hopingardner.

Judge Erwin concluded that Defendant Hopingardner was entitled to summary judgment because Plaintiff lacks evidence that Defendant Hopingardner acted intentionally in locating his vehicle so that Plaintiff collided with him. He further concluded that even if he had placed his car

---

[1] Plaintiff cited Rule 56(F), however, it is apparent he intended to rely on Rule 56(d).

in a position that made the collision unavoidable that Defendant's actions would be considered reasonable under the totality of the circumstances.

Nothing in the newly available evidence or Plaintiff's objection to the Report and Recommendation alters the basis for Judge Erwin's conclusion in either regard. Furthermore, although Plaintiff takes issue with Defendant's intentions, he does not challenge the reasonableness of his actions in any regard. Furthermore, Plaintiff's evidence regarding Defendant Hopingardner's intent is comprised of his own speculation. Accordingly, the Court finds, for the reasons stated in the Report and Recommendation, that Defendant is entitled to summary judgment.

Plaintiff's Motion to Amend (Doc. No. 39) is DENIED. Plaintiff does not seek to add additional parties or claims but rather seeks to include a claim for punitive damages, which is rendered moot by virtue of the granting of summary judgment. Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 54 and 41) are hereby DENIED. Plaintiff's Motion to Obtain Records in Forma Pauperis (Doc. No. 41) is DENIED AS MOOT in light of the Defendant's production of the OHP report and the representations of counsel that no video exists. Defendant's Motion to Dismiss (Doc. No. 34) is construed as a motion for summary judgment and GRANTED.

IT IS SO ORDERED this 8th day of September, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE